**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MONICA KINCAID HICKS,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **vs.** | )    **Case No. 3:25-CV-1368-MAB** |
| | ) |
| **SHANNON WICKS,** | ) |
| | ) |
| **Respondent.** | ) |

<u>**MEMORANDUM AND ORDER**</u>

**BEATTY, Magistrate Judge:**

Petitioner Monica Kincaid-Hicks brought this habeas corpus action pursuant to 28 U.S.C. § 2241, challenging the computation of her federal sentence and the Bureau Of Prison's (BOP) failure to apply earned Federal Time Credits under the First Step Act. For the reasons explained below, Ms. Kincaid-Hicks's § 2241 petition is DENIED.

<u>BACKGROUND</u>

Ms. Kincaid-Hicks is currently serving a 46-month sentence for conspiracy to commit wire fraud and wire fraud in violation of 18 U.S.C. §§ 1349 and 1343 (*see* Doc. 29-2 at p. 2). Ms. Kincaid-Hicks's Petition alleges that at the time of its filing on July 14, 2025, she was incarcerated at a federal facility in Greenville, Illinois (Doc. 1). However, as of March 11, 2026, Ms. Kincaid-Hicks was released from her Residential Reentry Management placement and placed on home confinement under the supervision of the BOP (Doc. 32).

Ms. Kincaid-Hicks was determined to be eligible to earn Federal Time Credits ("FTCs) under the First Step Act of 2018 (Doc. 1 at p. 2; Doc. 29-2 at p. 2). Pertinently, at

the time her Petition was filed, Ms. Kincaid-Hicks had been credited with earning 270 days of FTCs toward release (Doc. 1 at p. 5; Doc. 29-2 at p. 3). Therefore, when accounting for those FTCs, Ms. Kincaid-Hicks's projected release date of July 24, 2027, was calculated for a First Step Act projected release date of October 27, 2026 (Doc. 29-2 at pp. 3 & 8). Furthermore, Ms. Kincaid-Hicks's maximum statutory home confinement placement is 140 days (10% of her sentence as outlined by the Second Chance Act) (*see* Doc. 29-2 at p. 6). Thus, the earliest Ms. Kincaid-Hicks could be placed on home confinement was March 11, 2026, which is 140 days from her current First Step Act conditional release date (Doc. 29-2 at p. 6). And again, Ms. Kincaid-Hicks was released from her Residential Reentry Management placement on March 11, 2026, and placed on home confinement (Doc. 32).

### DISCUSSION

The Attorney General, acting through the BOP, has the responsibility for administering a federal prisoner's sentence, which includes calculating the prisoner's period of incarceration for the sentence imposed and providing credit for time served. *United States v. Wilson,* 503 U.S. 329, 334-335 (1992). In instances such as Ms. Kincaid-Hicks, where a prisoner believes the BOP has erred in its calculation of her federal sentence, the prisoner may, after exhausting administrative remedies, challenge the execution of her sentence by bringing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See United States v. Walker,* 917 F.3d 989, 994 (7th Cir. 2019). *See also Romandine v. United States,* 206 F.3d 731, 736 (7th Cir. 2000) (requests for sentence credit, or for recalculation of time yet to serve come under § 2241). A writ of habeas corpus will

only be granted when the petitioner shows that the BOP's sentencing calculation violates federal law. *See* 28 U.S.C. § 2241(c)(3).

In this instance, Ms. Kincaid-Hicks alleges that she is in custody in violation of 18 U.S.C § 3624(c) and BOP Program Statement 7310.04 because the BOP did not provide an individual assessment for Second Chance Act placement and/or unlawfully limited her Residential Reentry Center or home confinement time (Doc. 1 at p. 2). Additionally, Ms. Kincaid-Hicks alleges that the BOP's refusal to apply her earned time credits under the First Step Act violates 18 U.S.C. § 3632(d)(4) and unlawfully prolongs her incarceration (*Id.*).

Respondent Shannon Wicks, Residential Reentry Manger of the Cincinnati Residential Reentry Management Office, filed a response in opposition, which first argues that Ms. Kincaid-Hicks failed to exhaust her administrative remedies (Doc. 29 at pp. 6-8). In addition, Respondent contends that: (1) Ms. Kincaid-Hicks's Petition is moot because her needs under the First Step Act have been appropriately assessed (*Id.* at pp. 8-9); (2) a challenge to her place of confinement is not cognizable in habeas (*Id.* at pp. 9-10); (3) the Court lacks authority to review Ms. Kincaid-Hicks's place of confinement (*Id.* at pp. 11-12); and (4) the BOP has complied with the law in its calculation of Ms. Kincaid-Hicks's sentence calculation and administration (*Id.* at p. 12).

The Court first analyzes the issue of exhaustion of administrative remedies before addressing the parties' substantive arguments because that issue is dispositive. *See Kane v. Zuercher*, 344 Fed. App'x 267, 269 (7th Cir. 2009) ("[A] district court is entitled to require

a prisoner to exhaust the administrative remedies that the BOP offers before it will entertain a [§ 2241] petition.") (citing *Clemente v. Allen,* 120 F.3d 703, 705 (7th Cir. 1997)).

## A. EXHAUSTION OF ADMINISTRATIVE REMEDIES

While there is no statutory exhaustion requirement that applies to § 2241 petitions, the Seventh Circuit has recognized that a common law exhaustion requirement applies. *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004). Exhaustion is an affirmative defense that the respondent has the burden of pleading and proving. *Acosta v. Daniels*, 589 Fed. App'x 870, 873 (10th Cir. 2014) (citing *Garza v. Davis,* 596 F.3d 1198, 1200 (10th Cir. 2010)); *Luedtke v. Berkebile,* 704 F.3d 465, 466 (6th Cir. 2013); *George v. Longley*, 463 Fed. App'x 136, 139 (3d Cir. 2012). *See also, e.g., Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999) ("A prisoner's failure to exhaust administrative remedies before filing a claim constitutes an affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure.").

In order to properly exhaust their administrative remedies, an inmate is required to "comply with the BOP's rules governing filing and prosecution of a complaint." *Ihmoud v. Jett*, 272 Fed. App'x 525, 527 (7th Cir. 2008) (citing *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)). *See also Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) (Stating that, in the context of a § 1983 lawsuit, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.")

The BOP administrative remedy process is comprised of one informal and three formal steps (Doc. 29-1 at pp. 1-2). *See also* 28 C.F.R. §§ 542.10-19. First, the inmate must attempt to informally resolve the issue (Doc. 29-1 at p. 2). Thereafter, the administrative remedy process is formally commenced by filing a Request for Administrative Remedy

Page 4 of 8

(BP-9 form) at the institution where the inmate is incarcerated (*Id.*). If an inmate is not satisfied with the response at the institutional level, she may appeal that response by filing a Regional Administrative Remedy Appeal (BP-10 form) with the regional office (*Id.*). Finally, if the inmate is also unsatisfied with the regional office's response, she may file a final appeal (BP-11 form) with the Central Office (*Id.*).

An inmate's failure to complete all steps of the administrative remedy process prior to filing a § 2241 petition may be excused if the administrative remedy process was rendered unavailable by prison officials. *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006) ("[A] habeas petitioner's failure to complete the administrative remedy process may be excused where his failure is due to the administrator, rather than the petitioner . . . ."). *See also Schmanke v. Irvins,* 207 Fed. App'x 655, 657 (7th Cir. 2006) (A habeas petitioner's failure to exhaust "can be excused only upon a showing of cause and prejudice.") (citing *Sanchez v. Miller,* 792 F.2d 694, 697 (7th Cir. 1986)). Additionally, in certain limited circumstances, an inmate's failure to exhaust may be excused when exhaustion would either be futile or result in irreparable harm. *See, e.g., Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (discussing the heavy burden for applying a futility exception).

## B.  EXHAUSTION ANALYSIS

Here, Ms. Kincaid-Hicks concedes that she did not complete the exhaustion process prior to filing her Petition and instead argues that her failure to exhaust should be excused because the administrative exhaustion process is unduly lengthy and would either be futile or result in irreparable harm (Doc. 1 at p. 2). In addition to agreeing with

Ms. Kincaid-Hicks' concession that she did not exhaust, Respondent has provided evidence to further demonstrate that Ms. Kincaid-Hicks did not properly exhaust her administrative remedies prior to filing this Petition (Doc. 29 at p. 7; *see also* Doc. 29-1 at pp. 3-4). Moreover, Respondent argues that exhaustion would have neither caused Ms. Kincaid-Hicks irreparable harm nor been inherently futile (Doc. 29 at pp. 7-8). Although Ms. Kincaid-Hicks filed a Reply Brief in support of her petition, that reply did not address Respondent's exhaustion arguments (*see generally* Doc. 31).

Significantly, the Court finds that Ms. Kincaid-Hicks had plenty of time to engage in the administrative exhaustion process and still obtain the full extent of relief sought from the BOP, and if necessary, from the Court afterwards. In fact, as Respondent established, Ms. Kincaid-Hicks filed an institution-level request (BP-9 form), which was responded to by her institution's Warden (*see* Doc. 29-1 at pp. 3 & 15). Thereafter, she appealed the institution's response to the BOP's North Central Regional Office, which filed a response on June 13, 2025 (*Id.* at pp. 3 & 16-17). Next, Ms. Kincaid-Hicks appealed that response to the BOP's Central Office on August 11, 2025 (*Id.* at pp. 3-4 & 18). That appeal was then resubmitted in September 2025 because Ms. Kincaid-Hicks had failed to sign her original appeal (*Id.* at pp. 4 & 18-19). Finally, the Central Office provided an explanation and closed the remedy appeal on December 17, 2025 (*Id.* at pp. 4 & 20). Thus, as evinced by the above administrative remedy history, the administrative process was not unduly lengthy and could have been exhausted by Ms. Kincaid-Hicks before she filed the instant Petition.

Additionally, Ms. Kincaid-Hicks's cursory exhaustion analysis provides no

meaningful argument or explanation as to why exhaustion would have been futile or otherwise resulted in irreparable harm in her specific circumstances (*see generally* Doc. 1 at p. 2). Ultimately, as this Court has recently explained, "Petitioners citing futility 'face a heavy burden' because they must demonstrate that there is 'no reasonable prospect' that they could obtain any relief from that agency." *Beam v. Sproul*, 3:24-CV-02255-GCS, 2025 WL 1359903, at *2 (S.D. Ill. Apr. 10, 2025) (quoting *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016-17 (7th Cir. 2004)). Yet, here, Ms. Kincaid-Hicks "has neither exhausted [her] administrative remedies nor shown that available remedies are inadequate, ineffective, or would cause irreparable injury." *Id.* And tellingly, "[t]he general belief that the administrative process would not succeed is not an excuse to not take that step." *Botsvynyuk v. Emmerich*, 25-CV-135-WMC, 2026 WL 457354, at *1 (W.D. Wis. Feb. 18, 2026). Thus, as Respondent fairly argues, Ms. Kincaid-Hicks's failure to exhaust her administrative remedies prior to filing the instant Petition deprived the BOP of the ability to fully address her contentions (Doc. 29 at p. 8). *See also DANIEL ROSS VIETH v. ERIC WILLIAMS*, 21-CV-170-JPG, 2021 WL 5177567, at *3 (S.D. Ill. Nov. 8, 2021) (finding that the petitioner should have exhausted his administrative remedies because, among other reasons, "the BOP is in the best place to answer these types of questions in the first instance in a consistent manner for all inmates before scarce Court resources are expended.").

For these reasons, Ms. Kincaid-Hicks has not met the heavy burden of establishing why futility justified her failure to exhaust her administrative remedies. Therefore, her petition for habeas relief under 28 U.S.C. § 2241 is **DENIED** (Doc. 1) and this cause of

action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 7, 2026**

_____
**MARK A. BEATTY**
**United States Magistrate Judge**